IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN SNIDER,                                    Civil No. C05-114-AA

                                                    OPINION AND ORDER

        Plaintiff,

        vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, Oregon 97308
        Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Craig Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Johanna Vanderlee
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

        Claimant, Kathleen Snider, brings this action to obtain

judicial review of a final decision of the Commissioner denying

1    - OPINION AND ORDER

1    her claim for Supplemental Security Income (SSI) disability

2    benefits under Title XVI of the Social Security Act (the Act), 42

3    U.S.C. §§ 405(g), 1383(c)(3).   For the reasons set forth below,

4    the Commissioner's decision is affirmed.

5                        **PROCEDURAL BACKGROUND**

6         Plaintiff filed her application for SSI disability benefits

7    on November 16, 1999, alleging disability since March 10, 1997

8    from wrist tendonitis and carpal tunnel syndrome.   Tr. 120, 128.

9    After the Commissioner denied plaintiff's initial application and

10   again on reconsideration, plaintiff requested a hearing before an

11   Administrative Law Judge (ALJ).   Tr. 53.

12        On November 25, 2002, the ALJ and plaintiff's attorney,

13   Rory Linerud, appeared for the hearing, but plaintiff failed to

14   appear and the hearing was reset.   Tr. 419-423.   On April 29,

15   2003, plaintiff again failed to appear at the rescheduled

16   hearing, but her attorney did not object to the ALJ's

17   determination that plaintiff was a non-essential witness.   Tr.

18   424-431. At the April 29, 2003 hearing, medical expert Lawrence

19   Cohen, M.D., and vocational expert (VE) Gail Young testified.

20   Tr. 429-431.   On June 23, 2003, the ALJ issued a decision finding

21   plaintiff not disabled.   Tr. 27-38.   Upon plaintiff's request,

22   the Appeals Council remanded the matter to the ALJ for further

23   evaluation of plaintiff's credibility and for further

24   proceedings. Tr. 104-105.   On May 24, 2004, the ALJ held a third

25   hearing at which attorney Kimberly Shubin appeared on behalf of

26   plaintiff, although plaintiff again failed to appear.   Tr. 432-

27   436.  Plaintiff filed an affidavit describing her impairments and

28   symptoms, and stating she failed to appear at this hearing

     2    - OPINION AND ORDER

1    because her car broke down.  Tr. 318-320.

2         The ALJ issued a second decision on July 16, 2004, again

3    finding plaintiff not disabled.  Tr. 13-24.  On December 13,

4    2004, the Appeals Council denied plaintiff's request for review,

5    which made the ALJ's second decision the final order of the

6    agency.  Tr. 6-8.

7                      **STATEMENT OF THE FACTS**

8         Plaintiff was born in 1952 and was 47 through 52 years old

9    during the relevant period from November 1999 to July 16, 2004.

10   Tr. 13-24, 120.  Plaintiff stated she was divorced and had five

11   grown children.  Tr. 318.  She  lived with her adult son who

12   received SSI benefits, her friend Margaret Fipps, and Ms. Fipps'

13   two adult children.   Tr. 318.   Plaintiff stated she was in

14   special education from sixth grade through high school because

15   "she had many childhood illnesses around that time and fell

16   behind in her school work."  Tr. 386-387.  She stated that she

17   had trouble reading, but had never been diagnosed with a learning

18   disability, and had graduated from high school.  Tr. 134, 387.

19        Plaintiff alleged disability due to back pain, wrist

20   problems, and depression with associated symptoms.  Tr. 318-320.

21   In her affidavit, plaintiff stated she suffers from depression,

22   chronic back and wrist pain, reading deficiencies, has difficulty

23   concentrating, sitting, standing, or walking for an extended

24   period, and has a hard time grasping things.  Id.  Plaintiff's

25   medical history during the relevant period includes diagnoses of

26   chronic back strain, tr. 330, and bilateral wrist tendinitis.

27   Tr. 347.  Nerve conduction test results have been normal. Tr.

28   337.  On at least two occasions, plaintiff's Waddell's tests

     3   - OPINION AND ORDER

1
2
3
4
5

results have been positive.  Tr. 341, 369.  A positive Waddell's test generally indicates that a claimant was responding to a test that would not show any valid findings of an impairment.  Tr. 34. This test was specifically designed to weed out false reports. Id.

6
7
8
9
10

    In her daily activities, plaintiff camped with help from friends, shopped once or twice weekly, socialized with friends, managed her own finances, drove without difficulty in unfamiliar places, cooked, did laundry, and vacuumed.  Tr. 148, 234, 269, 277, 388, 390-391.

11
12
13
14
15
16
17
18
19
20
21
22

    Most recently, plaintiff worked for temporary agencies as a warehouse worker, earning $429.80 in 2000, her last period of employment.  Tr. 18, 125, 259.  She previously held positions as a scanner, book coverer, janitor and packager, but quit those jobs because her wrists hurt from repetitive motions.  Tr. 129, 320, 387.  At the April 29, 2003 hearing, Dr. Lawrence Cohen stated plaintiff could occasionally lift up to 20 pounds and frequently less than 10 pounds; stand or walk 6 hours of an 8 hour day; and sit 6 hours of an 8 hour day. Tr. 428-429.  At the same hearing, VE Gail Young stated that a hypothetical individual could perform Ms. Snider's past work of assembly, putting covers on books, but possibly not repacking. Tr. 430-431.

23

## STANDARD OF REVIEW

24
25
26
27
28

    This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable

4    - OPINION AND ORDER

1  mind might accept as adequate to support a conclusion."

2  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting

3  Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

4  The court must weigh "both the evidence that supports and

5  detracts from the Secretary's conclusions." Martinez v. Heckler,

6  807 F.2d 771, 772 (9th Cir. 1986).

7          The initial burden of proof rests upon the claimant to

8  establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486

9  (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate

10  an "inability to engage in any substantial gainful activity by

11  reason of any medically determinable physical or mental

12  impairment which can be expected . . . to last for a continuous

13  period of not less than 12 months. . . ."  42 U.S.C.

14  § 423(d)(1)(A).

15          The Secretary has established a five-step sequential

16  process for determining whether a person is disabled.  Bowen v.

17  Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502,

18  416.920.  First the Secretary determines whether a claimant is

19  engaged in "substantial gainful activity."  If so, the claimant

20  is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R.

21  §§ 404.1520(b), 416.920(b).

22          In step two the Secretary determines whether the claimant

23  has a "medically severe impairment or combination of

24  impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

25  §§ 404.1520(c), 416.920(c).  If not, the claimant is not

26  disabled.

27          In step three the Secretary determines whether the

28  impairment meets or equals "one of a number of listed impairments

5    - OPINION AND ORDER

1       that the Secretary acknowledges are so severe as to preclude

2       substantial gainful activity."  Id.; see 20 C.F.R.

3       §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively

4       presumed disabled; if not, the Secretary proceeds to step four.

5       Yuckert, 482 U.S. at 141.

6           In step four the Secretary determines whether the claimant

7       can still perform "past relevant work."  20 C.F.R.

8       §§ 404.1520(e), 416.920(e).  If the claimant can work, she is not

9       disabled.  If she cannot perform past relevant work, the burden

10      shifts to the Secretary.  In step five, the Secretary must

11      establish that the claimant can perform other work.  Yuckert, 482

12      U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &

13      (f).  If the Secretary meets this burden and proves that the

14      claimant is able to perform other work which exists in the

15      national economy, she is not disabled.  20 C.F.R. §§ 404.1566,

16      416.966.

## DISCUSSION

18          At step one, the ALJ found that plaintiff has not been

19      engaged in substantial gainful activity.  This finding is not in

20      dispute.  At step two, the ALJ found that plaintiff had the

21      following severe impairments:  back strain, wrist tendonitis, and

22      depression.  Tr. 19-20, 23, Finding 2.  This finding is in

23      dispute.  At step three, the ALJ found that plaintiff's

24      impairments did not meet or equal the requirements of listed

25      impairments.  This finding is in dispute.  Plaintiff further

26      disputes the ALJ's finding regarding her residual function

27      capacity.  Finally, at step four, plaintiff disputes the ALJ's

28      determination that plaintiff can perform her past relevant work.

6   - OPINION AND ORDER

1    Because the ALJ determined plaintiff could perform her past

2    relevant work, he never reached step five of the analysis.

3    I. Plaintiff's Residual Function Capacity

4        Plaintiff argues that the ALJ failed to consider the

5    combined effect of her physical and mental impairments.

6    Plaintiff alleges that those impairments, taken together, are of

7    sufficient severity to preclude her from working, and that she is

8    therefore disabled.  Plaintiff argues there is not substantial

9    evidence to support the ALJ's decision finding plaintiff not

10   disabled and that the ALJ specifically failed to determine the

11   mental demands of plaintiff's past work and whether such demands

12   are consistent with plaintiff's mental and psychological

13   abilities.

14       The record, however, shows significant consideration and

15   documentation by the ALJ regarding plaintiff's mental capacity.

16   Having concluded that plaintiff had severe impairments of

17   depression, back strain, and bilateral wrist tendinitis that were

18   not medically severe in step two, the ALJ was required to

19   determine her physical and mental Residual Function Capacity

20   (RFC) for performing substantially gainful economic activity

21   before proceeding to step four.  Tr. 18-20.  The ALJ found:

22           The claimant retains the capacity to perform the
             basic mental activities required for competitive
23           unskilled work.  She is able to understand, remember
             and carry out simple instructions, make simple work-
24           related decisions, respond appropriately to
             supervisors, co-workers, and unusual work situations,
25           and deal with changes in a routine work setting.

26

     Tr. 22.  This finding was sufficiently supported in the ALJ's
27
     decision and by the record.  The ALJ properly relied on a
28

     7   - OPINION AND ORDER

consultative psychological evaluation by Cheryl Brischetto, Ph.D., whose diagnosis showed plaintiff to have logical and organized thinking, adequate basic reasoning and judgment, and adequate expressive and receptive language functions. Tr. 389-390. The ALJ also relied on the psychological evaluations of Robert Henry, Ph.D. and Dick Wimmers, Ph.D. who opined the plaintiff had only mild difficulties in maintaining social functioning. Tr. 20. The ALJ considered these opinions consistent with the treatment record, which showed that plaintiff had required no mental health counseling, treatment, or intervention in recent years. Id.

Given the objective medical and other evidence, the ALJ properly found that plaintiff's combined impairments of depression, back strain, and wrist tendonitis limited her to unskilled, light work, with some climbing and postural limitations. Tr. 22.

II. Consideration of Mental Demands in Past Relevant Work

Plaintiff argues that the ALJ failed to sufficiently pose proper hypotheticals to the vocational expert in developing the record. However, the burden falls on plaintiff to establish exertional demands of past vocational work, and that plaintiff cannot perform past relevant work. See SSR 82-62, p.3, available at 1982 WL 31386; 20 C.F.R. §§ 416.912(a), 416.920(f); and Barnhart v. Thomas, 540 U.S. 20 (2003). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001)(internal citation omitted).

8   - OPINION AND ORDER

1    Here, plaintiff's affidavit provides no evidence that her
2    depression factored into her inability to work.  Tr. 318-320.
3    Further, none of plaintiff's work history reports developed
4    throughout the years show any indication that mental strain
5    played any part in plaintiff's inability to work.  See for
6    example, tr. 128, 138.  While the ALJ did not specifically limit
7    the VE's hypothetical to "simple tasks" at the April 29, 2003
8    hearing, I note that plaintiff's attorney had the opportunity to
9    query regarding the mental demands on a book coverer or
10   repackager, but offered no additional questions.  Tr. 430-431.

11   The ALJ properly relied on an adequate record to find that
12   plaintiff was able to perform her past relevant work as an
13   assembler/book coverer, which was a light exertion, unskilled
14   job.  Because plaintiff is able to return to past relevant work,
15   she is not disabled.

### CONCLUSION

17   The Commissioner's decision is based on substantial
18   evidence, and is therefore, affirmed.  This case is dismissed.
19   IT IS SO ORDERED.

20   Dated this  1   day of March, 2006.

                                    /s/ Ann Aiken
                                 Ann Aiken
                        United States District Judge

9    - OPINION AND ORDER